LEAR, Judge
(dissenting).
My brethren of the Court have reversed the trial judge in this matter. That reversal is based largely on the testimony given by Trooper Veillon relating to the stopping distances for motorcycles.
The plaintiff in this case testified that she had stopped at a stop sign and saw the approach of the motorcycle. She thought it was an automobile with one headlight.
After waiting for two other vehicles to pass going in the opposite direction, she then pulled into the intersection, continued onto her traverse of the street some 85 feet before feeling the impact of the motorcycle hitting the rear bumper of her automobile.
We know that the plaintiff skidded 40 feet before entering the intersection, and the majority opinion of this Court has adopted a speed and reaction chart which relates to automobiles.
From Trooper Veillon’s testimony, we can see that an automobile’s speed and braking chart does not apply to motorcycles. In the first place, the front wheel of a motorcycle cannot be braked with full application because, in that event, the driver would lose control of the machine. Furthermore, we have different factors of weight, braking surface, friction coeffi-ciency, and maneuverability in relation to a motorcycle as opposed to an enclosed automobile.
Being of the opinion that there is no evidence to indicate that plaintiff was traveling at an excessive rate of speed, I must therefore agree with the facts as determined by the trial judge and respectfully dissent from the reversal of this Court.
On Application for Rehearing.
En Banc. Rehearing denied.
FRUGÉ and LEAR, JJ., vote for granting a rehearing.